**WO**                                                                                            RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Langdon Charles Forbes, | ) No. CV 10-2177-PHX-GMS (ECV) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph M. Arpaio, et al., | ) |
| Defendants. | ) |

On October 12, 2010, Plaintiff Langdon Charles Forbes, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff did not immediately pay the $350.00 civil action filing fee but filed an Inmate Account Statement (Doc. 3) and a deficient Application to Proceed *In Forma Pauperis* (Doc. 4).

By Order filed October 18, 2010, the Court denied the Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days to pay the fee or file a new, completed Application to Proceed *In Forma Pauperis*.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

On November 1, 2010, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. 6) and an Inmate Account Statement (Doc. 7). Plaintiff's Application to Proceed will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of

JDDL-K

1
2
3
4
5

$350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $36.66. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.   28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

6

## II.   Statutory Screening of Prisoner Complaints

7
8
9
10
11
12

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

13
14
15
16
17
18

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

19
20
21
22
23
24
25
26
27

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

28

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

1   must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

2   Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

3   than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

4   94 (2007) (*per curiam*)).

5       If the Court determines that a pleading could be cured by the allegation of other facts,

6   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

7   action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

8   should not, however, advise the litigant how to cure the defects. This type of advice "would

9   undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,

10   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

11   required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for

12   failure to state a claim, with leave to amend because the Complaint may possibly be saved

13   by amendment.

14   **III.   Complaint**

15       Named as Defendants in the Complaint are: (1) Joseph M. Arpaio, Maricopa County

16   Sheriff; (2) Kabalromere, Detention Officer; (3) Sanchez, Sergeant; (4) Jacobs, Lieutenant;

17   (5) Scott, Sergeant; and (6) Vail, Lieutenant.

18       Plaintiff alleges three counts in the Complaint. In Count I, he claims that his Sixth

19   Amendment rights have been violated. In Count II, he claims that his Fifth Amendment

20   rights have been violated. In Count III, he claims that his Fourth Amendment rights have

21   been violated.

22       Plaintiff seeks to have the entire Maricopa County Sheriff's Office staff undergo a

23   course of "federally supervised re-training." Plaintiff also seeks appropriate discipline for

24   "those involved in the present matter."

25   **IV.   Dismissal of Defendants Sanchez, Jacobs, and Vail**

26       To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an

27   affirmative link between the alleged injury and the conduct of an individual Defendant.

28   Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a state official,

1    the civil rights complainant must allege that the official personally participated in the

2    constitutional deprivation, or that a state supervisory official was aware of the widespread

3    abuses and with deliberate indifference to the inmate's constitutional rights failed to take

4    action to prevent further misconduct.  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see

5    also Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978);

6    Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

7          There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*,

8    and, therefore, a defendant's position as the supervisor of persons who allegedly violated a

9    plaintiff's constitutional rights does not impose liability.  Monell, 436 U.S. at 691; West v.

10   Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723

11   F.2d 675, 680-81 (9th Cir. 1984).

12         Although Plaintiff names Sanchez, Jacobs, and Vail as Defendants in the Complaint,

13   he has not described any specific conduct by any of these individual Defendants that violated

14   Plaintiff's constitutional rights and led to his injuries.  Indeed, Plaintiff does not mention any

15   of these Defendants by name in the body of the Complaint.

16         Accordingly, Defendants Sanchez, Jacobs, and Vail are subject to dismissal from this

17   action for failure to state a claim upon which relief may be granted.

18   **V.    Failure to State a Claim**

19         **A.    Count I**

20         In Count I, Plaintiff claims that his Sixth Amendment rights were violated by

21   Defendants Kabalromere and Scott when they ordered him not to make any legal telephone

22   calls on June 29, 2010.  Plaintiff alleges he had been placed on "full restriction" due to a rule

23   infraction and that this happened at a "critical time" when access to counsel was of

24   "particular importance due to a review of wiretap challenges" in his criminal case.  Plaintiff

25   also alleges that he was later informed by Defendants Kabalromere and Scott that an informal

26   rule required that he submit a written request for a legal call to counsel "at least 24 hours in

27   advance."

28         "Indigent inmates have a constitutional right to meaningful access to the courts."

JDDL-K                                        - 4 -

1  <u>King</u>, 814 F.2d at 568 (citing <u>Bounds v. Smith</u>, 430 U.S. 817, 821-23 (1977)).  This includes

2  access to a lawyer for trial, paper and pen to draft legal documents, and stamps to mail them.

3  <u>Bounds</u>, 430 U.S. at 824-25.  However, prisoners do not have a right to any particular means

4  of access to the court.  <u>See</u> <u>Aswegan v. Henry</u>, 981 F.2d 313, 314 (8th Cir. 1992).  There is

5  "no established minimum requirement that a state must meet in order to provide indigent

6  inmates with adequate access to the courts."  <u>King</u>, 814 F.2d at 568.  A court must determine

7  whether the individual inmate before the court has been denied meaningful access.  <u>Id.</u>

8         To establish that he was denied meaningful access to the courts, a plaintiff must

9  submit evidence showing that he suffered an "actual injury" as a result of the defendants'

10  actions.  <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). An "actual injury" is "actual prejudice

11  with respect to contemplated or existing litigation, such as the inability to meet a filing

12  deadline or to present a claim."  <u>Id.</u> at 348.

13         Plaintiff has failed to demonstrate that being required to submit a written request 24

14  hours in advance to make a legal call to his counsel denied him access to the courts.  He does

15  not allege that he was unable to call his attorney at all or that he was unable to send written

16  correspondence to his attorney requesting the attorney call Plaintiff or visit Plaintiff at the

17  jail.  <u>Cf.</u> <u>Pino v. Dalsheim</u>, 558 F. Supp. 673, 674-75 (S.D.N.Y. 1983) (although plaintiff and

18  his attorney would have preferred to communicate by telephone, the state "is not obligated

19  to provide the best manner of access," and, therefore, there was no constitutional violation

20  where inmate was limited to two, eight-minute phone conversations per month but was

21  allowed unlimited mail correspondence with his attorney and unlimited private visits).  Nor

22  has Plaintiff demonstrated that he suffered an actual injury.  His allegation that the denial of

23  legal telephone calls to his counsel "may have cause irreparable damage to the defense and

24  interests of the Plaintiff" is entirely conclusory and speculative.  <u>See</u> <u>Ivey v. Board of</u>

25  <u>Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory and

26  vague allegations will not support a cause of action).  Accordingly, Plaintiff has failed to

27  state a claim upon which relief may be granted and Count I will be dismissed accordingly.

28

**B.    Count II**

In Count II, Plaintiff claims that his Fifth Amendment rights have been violated by an "unholy and unconstitutional cabal between the office of the county prosecutor and the sheriff to overcharge elements as significantly higher penalty crimes, and to intercept, interrupt, and confound the accused's access to due process."  Plaintiff further claims that "legal assistance of all kinds, from retained or appointed counsel, to mere assistance from other inmates is largely disrupted or thwarted" and that the "pervasive philosophy is to inflict punishment, where none is warranted."   Plaintiff indicates that the issue of "false imprisonment under color of law" is involved in Count II.

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey, 673 F.2d at 268.  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.

Because Plaintiff is a pretrial detainee in state custody, the Court will liberally construe Count II as being brought under the Fourteenth Amendment's Due Process Clause, which establishes that "detainees have a right against jail conditions or restrictions that 'amount to punishment.'"  Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008).  However, having done so, the Court will dismiss Count II for failure to state a claim upon which relief may be granted because Plaintiff's allegations in Count II are too convoluted, vague, and conclusory to state a claim under the Fourteenth Amendment.  Moreover, Plaintiff has not linked his vague allegations in Count II with specific actions of named Defendants as required.  See Rizzo, 423 U.S. at 371-72, 377.

**C.    Count III**

In Count III, Plaintiff claims that his Fourth Amendment rights have been violated by a "co-ordinated series of layers of ever higher ranking review" and that "such inexcusable behavior is ratified and given an authority of its own through the boilerplate response of it

1   being 'a direct order.'" Plaintiff also claims that his "attempt for quick and simple redress
2   was spurned in favor of a protracted denial through the grievance process."

3       Plaintiff's claims in Count III are also convoluted, vague, and conclusory. Plaintiff
4   does not explain how any particular Fourth Amendment right has been violated and the Court
5   is unable to ascertain a Fourth Amendment right that may be implicated by Plaintiff's vague
6   allegations. Moreover, Plaintiff has again failed to link his allegation with specific actions
7   of named Defendants as required. See Rizzo, 423 U.S. at 371-72, 377. Accordingly,
8   Count III will be dismissed for failure to state a claim upon which relief may be granted.

9   **VI.   Leave to Amend**

10      For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
11  a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first
12  amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail
13  Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails
14  to use the court-approved form, the Court may strike the amended complaint and dismiss this
15  action without further notice to Plaintiff.

16      Plaintiff must clearly designate on the face of the document that it is the "First
17  Amended Complaint." The first amended complaint must be retyped or rewritten in its
18  entirety on the court-approved form and may not incorporate any part of the original
19  Complaint by reference. Plaintiff may include only one claim per count.

20      In any amended complaint, Plaintiff must write out short, plain statements telling the
21  Court (1) the constitutional right Plaintiff believes was violated; (2) the name of the person
22  who violated the right; (3) exactly what that individual did or failed to do; (4) how the action
23  or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and
24  (5) what specific injury Plaintiff suffered because of that person's conduct. See Rizzo, 423
25  U.S. at 371-72, 377. If the person named as a defendant was a supervisory official, Plaintiff
26  must either state that the defendant personally participated in the constitutional deprivation
27  (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good
28  faith, that the defendant was aware of the similar widespread abuses, but with deliberate

1    indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm

2    to Plaintiff (and tell the Court some facts to support this claim).  <u>King</u>, 814 F.2d at 568.

3            Plaintiff must repeat this process for each person he names as a defendant.  If Plaintiff

4    fails to affirmatively link the conduct of each named defendant with the specific injury

5    suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a

6    claim. **Conclusory allegations that a defendant or group of defendants have violated a**

7    **constitutional right are not acceptable and will be dismissed**.

8            A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963

9    F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

10   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

11   nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original

12   complaint is waived if it is not raised in a first amended complaint.  <u>King</u>, 814 F.2d at 567.

13           With regard to any amended complaint that he may file, Plaintiff should note that as

14   a pretrial detainee, he is protected by the Fourteenth Amendment's Due Process Clause,

15   which establishes that "detainees have a right against jail conditions or restrictions that

16   'amount to punishment.'" <u>Pierce</u>, 526 F.3d 1205.  However, "[i]f a particular condition or

17   restriction of pretrial detention is reasonably related to a legitimate governmental objective,

18   it does not, without more, amount to 'punishment.'" <u>Bell v. Wolfish</u>, 441 U.S. 520, 539

19   (1979). For a particular governmental action to constitute punishment, the action must cause

20   the detainee to suffer some harm or disability, and the purpose of the action must be to

21   punish the detainee.  <u>Demery v. Arpaio</u>, 378 F.3d 1020,1029 (9th Cir. 2004) (citing <u>Bell</u>, 441

22   U.S. at 538).  The harm or disability caused by the government's action "must either

23   significantly exceed, or be independent of, the inherent discomforts of confinement." <u>Id.</u> at

24   1030 (citing <u>Bell</u>, 441 U.S. at 537).

25           Only deprivations denying the minimal civilized measure of life's necessities are

26   sufficiently grave for a constitutional violation. <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th

27   Cir. 2000).  These are "deprivations of essential food, medical care, or sanitation" or other

28   conditions intolerable for prison confinement. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1970).

1  **VI.    Warnings**

2      **A.    Release**

3      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

4  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

5  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

6  in dismissal of this action.

7      **B.    Address Changes**

8      Plaintiff must file and serve a notice of a change of address in accordance with Rule

9  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

10  relief with a notice of change of address.  Failure to comply may result in dismissal of this

11  action.

12      **C.    Copies**

13      Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

14  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

15  to Plaintiff.

16      **D.    Possible "Strike"**

17      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

18  to file an amended complaint correcting the deficiencies identified in this Order, the

19  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

20  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

21  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

22  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

23  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

24  or fails to state a claim upon which relief may be granted, unless the prisoner is under

25  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

26      **E.    Possible Dismissal**

27      If Plaintiff fails to timely comply with every provision of this Order, including these

28  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **assessed** an initial partial filing fee of $36.66.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     **If** Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court **must mail** to Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 21st day of January, 2011.

G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| | | |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1. <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,        )
                                          )
(Full Name of Plaintiff)                  )
                            Plaintiff,    )
                                          )
                    vs.                   )   **CASE NO.** _____
                                          )      (To be supplied by the Clerk)
(1) _____ ,         )
(Full Name of Defendant)                  )
(2) _____ ,         )
                                          )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,         )   **BY A PRISONER**
                                          )
(4) _____ ,         )   ☐ Original Complaint
                     Defendant(s).        )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                              1                          **550/555**

**B.  DEFENDANTS**

1.   Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   <span style="display:block;text-align:center">(Position and Title)</span>  (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   (Position and Title)  (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   (Position and Title)  (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                  ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count I?     ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count II?                ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?       ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                    ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count III?      ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____         _____
                                      DATE                                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.